**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAN SIPIORA** and | ) | |
| **URSZULA SIPIORA** | ) | **Case No. 1:20-cv-06744** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **Jury Trial Demanded** |
| | ) | |
| **DOVENMUEHLE MORTGAGE, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, Jan Sipiora and Urszula Sipiora (the "Plaintiffs"), by and through their undersigned attorneys, for their complaint against Dovenmuehle Mortgage, Inc. ("DMI" or "Defendant"), state:

### NATURE OF THE ACTION

1.      DMI, a default mortgage loan servicer, violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), when it communicated with the Plaintiffs to collect a consumer debt when it knew Plaintiffs were represented by counsel and in that communication made false statements.

### JURISDICTION AND VENUE

2.      Jurisdiction is conferred by 28 U.S.C. §1331 as this action arises under FDCPA.

3.      Venue and personal jurisdiction in this District are proper under 28 U.S.C. § 1391(b)(2) because DMI conducts business in this District and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred, or a substantial part of

property that is the subject of the action, is in this District. DMI transacts business in this District and the communications at issue took place in this District.

## PARTIES

4.     Jan Sipiora is a natural person who resides in Inverness, Illinois.

5.     Urszula Sipiora is a natural person who resides in Inverness, Illinois.

6.     DMI is a foreign corporation formed under the laws of the State of Delaware. Dovenmuehle has a principal place of business located at 1 Corporate Drive, Suite 350, Lake Zurich, Illinois 60047.

## BACKGROUND FACTS AND BASIS FOR CLAIMS

7.     In order to obtain money for personal, family and household purposes, on January 23, 2002, Plaintiffs borrowed money and executed an Equity Line Credit Agreement and Disclosure in the original amount of $209,000.00 payable to Harris Trust and Savings Bank. (the "Equity Line"). To secure payment of that Equity Line, Plaintiffs granted a contemporaneous mortgage lien on their primary residence (the "Mortgage"). The Equity Line and Mortgage are collectively referred to herein as the "Loan."  A copy of the Loan is attached as ***Exhibit 1***.

8.     The Loan is owned by BMO Harris Bank N.A., formerly known as Harris, N.A. successor by merger to Harris Trust and Savings Bank ("BMO").

9.     On September 11, 2017, BMO filed an action to collect the Loan and foreclosure on the Plaintiffs' home by filing a complaint in the Circuit Court of Cook County, Illinois, now captioned as *BMO Harris Bank NA v. Jan Sipiora, et al*., Case No. 2107-CH-12307 9the "Foreclosure Case"). A true and correct copy of the complaint filed by BMO in the Foreclosure Case is attached as ***Exhibit 2***.

10. Plaintiffs retained counsel who filed an appearance in the Foreclosure Case on March 14, 2018. A true and correct copy of the appearance filed by attorney Arthur Czaja is attached as *Exhibit 3*.

11. The Foreclosure Case remains pending. A true and correct copy of the docket in the Foreclosure Case is attached as *Exhibit 4*.

12. As of September 11, 2020, DMI became the servicer for the Loan on behalf of BMO.

13. At the time that DMI became the servicer for BMO, the Loan was alleged to be in default.

14. DMI is a large mortgage subservicing company which services consumer residential loans on behalf of commercial banks, savings banks, credit unions, insurance companies, mortgage banking companies and state and local housing finance agencies nationwide, in the State of Illinois.

15. The Plaintiffs are "consumers" as defined in 15 U.S.C. § 1692a(3) because they are natural persons from whom DMI sought to collect a debt allegedly incurred for personal, family, or household purposes. Here the debt was alleged to have been the Loan credit secured by a lien on the Plaintiffs' principal residence.

16. DMI is a "debt collector" as defined by the FDCA, 15 U.S.C. §1692(a)(6) because it regularly collects debts owed to others and is engaged in the business of collecting debts on behalf of others.

17. DMI regularly uses the mail to collect or attempt to collect debts on behalf of others.

18.     By letter dated August 27, 2020, BMO and DMI jointly communicated with the Plaintiffs in connection with the collection of the Loan which DMI services on behalf of BMO. A true and correct copy of this letter is attached as ***Exhibit 5***.

19.     The August 27, 2020 letter, *Exhibit 5*, is signed by "Bernadette McDonnell, Vice President and Assistant Secretary, Dovenmuehle Mortgage, Inc."

20.     The August 27, 2020 letter, *Exhibit 5*, includes a Notice of Servicing Transfer which states that effective September 11, 2020, "DMI will be servicing your loan in BMO's name."

21.     By letter dated October 21, 2020, DMI (using BMO's name) communicated with the Plaintiffs in connection with the collection of the Loan which DMI services on behalf of BMO. A true and correct copy of this letter is attached as ***Exhibit 6***.

22.     Plaintiffs were represented by an attorney at the time that DMI sent the August 27, 2020 and October 21, 2020 letters to Plaintiffs.

23.     The FDCPA provides:

> (a) Communication with the consumer generally—Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

15 U.S.C. § 1692c(a)(2).

24.     The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

25.     DMI's August 27, 2020 and October 21, 2020 letters to the Plaintiffs are each a communication within the meaning of the FDCPA.

4

26.     DMI knew Plaintiffs were represented by an attorney when it sent Plaintiffs the August 27, 2020 and October 21, 2020 letters. Indeed, this fact is readily ascertainable by reviewing the public record which would reveal the Foreclosure Case and Attorney Czaja's appearance on behalf of Plaintiffs.

27.     DMI could also readily ascertain Plaintiffs' attorney's name and address by simply reviewing the Foreclosure Case which had been commenced to collect the Loan.

28.     At no time did Plaintiffs' attorney fail to respond to any attempt by DMI to communicate with him regarding the Plaintiffs' Loan.

29.     The loan number referenced in the October 21, 2020 letter is the "New Loan Number" referenced in the servicing transfer notice sent to the Plaintiffs as a part of the August 27, 2020 communication.

30.     The October 21, 2020 letter states:

> Your 2 mortgage payment(s) of $ 208,875.00 each for the dates of January 23, 2012 through February 23, 2012, plus total late charges of $.00, are past due. The total amount past due including corporate advances and other charges that may have accrued on your account as of the date of this letter is $ 262,656.84. If these payments are not received, you could lose your home. If you have already mailed the payments, please accept our thanks. Please contact us if you would like to discuss the amount required to reinstate your loan.

31.     The foregoing statements are false.  As of October 21, 2020, Plaintiffs were not obligated to pay two payments of $208,875.00 for the dates of January 23, 2012 through February 23, 2012. Indeed, these statements contradict the following sentence which asserts the total amount past due is $262,656.84.

32.     Section 1692e of the FDCPA provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

5

(2) The false representation of—

    (A) the character, amount, or legal status of any debt; . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

15 U.S.C. § 1692e.

33.    DMI's October 21, 2020 letter to Plaintiffs violated 15 U.S.C. § 1692e.

34.    Plaintiffs were damaged and sustained injury as a result of DMI's violations of the FDCPA, including but not limited to reading and reviewing false, misleading, and deceptive communications and representations in connection with the collection of a debt, including *per se* violations of the FDCPA, and not having those communications directed through their attorney.

35.    Pursuant to 15 U.S.C. § 1692k(a)(1), Plaintiffs are entitled to recover actual damages from DMI.

36.    Pursuant to 15 U.S.C. § 1692k(a)(2)(A), Plaintiff Jan Sipiora is entitled to recover from DMI statutory damages of up to $1,000.00.

37.    Pursuant to 15 U.S.C. § 1692k(a)(2)(A), Plaintiff Urszula Sipiora is entitled to recover from DMI statutory damages of up to $1,000.00.

38.    Pursuant to 15 U.S.C. §1692k(a)(3), Plaintiffs are entitled to recover from DMI costs and reasonable attorneys' fees incurred in this action.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in his favor and against DMI, as follows:

a.    Declaring that the conduct of DMI as alleged herein is unlawful and violates the FDCPA, 15 U.S.C. § 1692c and § 1692e;

b.   Awarding Plaintiff Jan Sipiora statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.   Awarding Plaintiff Urszula Sipiora statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d.   Awarding Plaintiffs actual damages, in an amount to be proven at a later date, pursuant to 15 U.S.C. § 1692k(a)(1);

e.   Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.   Awarding any other relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury.

*Respectfully submitted,*

**JAN SIPIORA**
**URSZULA SIPIORA**

*/s/ Rusty A. Payton*
Rusty A. Payton,
PAYTON LEGAL GROUP, LLC
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal

*/s/ Arthur C. Czaja*
Arthur C. Czaja
LAW OFFICE OF ARTHUR CZAJA
7521 N. Milwaukee Ave.
Niles, Illinois 60714
(847) 647-2106
arthur@czajalawoffices.com

*Counsel for the Plaintiffs*